IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| GIW INDUSTRIES, ) | |
|     Plaintiffs, ) | |
| ) | |
| v. ) | CIVIL ACTION 11-00185-KD-N |
| S.P.I./MOBILE PULLEYWORKS, INC., ) | |
| d/b/a STEEL PROCESSORS, INC., ) | |
|     Defendants. ) | |

**ORDER**

This matter is before the Court on the Defendant's "Consent Motion for Stay Pending Reexamination" (Doc. 74).

Specifically, in this patent infringement litigation, Defendant, with Plaintiff's consent (subject to certain conditions),[1] moves for a stay of this case pending resolution of the *inter partes* reexamination[2] proceeding pending before the U.S. Patent & Trademark Office. Defendant asserts that staying this case will benefit the parties and the Court by resolving material issues in this case concerning the validity of U.S. Patent 7,465,153 (the "153 Patent"). Defendant contends further, that: 1) a stay will neither unduly prejudice nor present a clear

---

[1] These conditions consist of the following: 1) Plaintiff be permitted to respond (by motion or otherwise) to Defendant's counterclaim on or before July 18, 2011 (and if by motion, Plaintiff is amenable to deferring Defendant's obligation to respond to same until after the stay is lifted); and 2) Defendant be permitted to delay serving responses to outstanding discovery requests until three weeks after the stay is lifted and the Plaintiff will then have one week after receiving those discovery responses to amend its pleadings to add additional parties.

[2] On July 6, 2011, the Defendant filed an *inter partes* request with the U.S. Patent & Trademark Office, raising new questions of patentability affecting all of the claims of the 153 Patent. (Doc. 74-2). As noted in Tomco Equip., Co. v. Southeastern Agri-Systems, Inc., 542 F. Supp. 2d 1303, 1306 (N.D. Ga. 2008): "Reexamination allows the PTO to reconsider the validity of an existing patent. 35 U.S.C. §§ 301, et seq. Upon reexamination, the patent may be upheld, amended, or invalidated. *Id*. at § 307. There are two types of reexamination proceedings: *ex parte* and *inter partes*. An *inter partes* reexamination, in contrast to the *ex parte* reexamination, provides a third party the right to participate in the reexamination process. *See* 35 U.S.C. § 314. The results of the reexamination are thus binding on the third party requester in any subsequent or concurrent civil action. *Id*. at § 315(c). Therefore, here, defendant may not

tactical disadvantage to the Plaintiff (who consents to the motion); 2) both parties will benefit from an early determination regarding invalidity, as conducted by the U.S. Patent & Trademark Office; 3) this early determination will simplify the issues in this case; 4) Defendant's *inter partes* reexamination request will be binding on the Defendant; and 5) discovery in the case has just begun and no trial date has been set.

District courts have broad discretionary power to grant stays in patent cases. See, e.g., Procter & Gamble Co. v. Kraft Foods Global, Inc., 549 F.3d 842, 849 (Fed. Cir. 2008); eCOMSYSTEMS, Inc. v. Shared Marketing Services, Inc., Slip Copy, 2011 WL 280942 (M.D. Fla. Jan. 26, 2011). "There is no *per se* rule requiring that patent cases be stayed pending reexaminations because such a rule 'would invite parties to unilaterally derail' litigation." eCOMSYSTEMS, 2011 WL 280942, *2 (citations omitted). When requested, courts generally examine: 1) whether a stay will unduly prejudice or tactically disadvantage the non-moving party; 2) whether a stay will simplify the issues and streamline the trial; and 3) whether a stay will reduce the burden of litigation on the parties and on the court. Id. Courts also examine whether discovery has been completed in the current or related cases and the length of the litigation between the two parties. See, e.g., Baxa Corp. v. Forhealth Tech., Inc., 2006 WL 4756455, *1 (M.D. Fla. May 5, 2006).

First, neither parties contend that a stay will result in undue prejudice or tactically disadvantage the Plaintiff. Second, granting the stay may likely streamline the trial as this is an *inter partes* reexamination which "has great potential for simplifying the issues" due to its *res judicata* effect.[3] See, e.g., Tomco Equip., Co. v. Southeastern Agri-Systems, Inc., 542 F. Supp.

---

relitigate any issue addressed by the PTO."

2d 1303, 1309 (N.D. Ga. 2008). Third, while there is no evidence that a stay will necessarily reduce the burden of litigation on the Court, the Defendant represents that it will reduce said burden on the parties. Moreover, while this case was initiated in August 2010 in the Northern District of Illinois (Doc. 1), it was only recently transferred to this Court on April 14, 2011 (Docs. 45, 46, 47) and a Rule 16(b) Scheduling Order was just issued on June 23, 2011, scheduling the close of discovery as March 30, 2012. (Doc. 70). Further, the U.S. Patent & Trademark Office's Notice of *Inter Partes* Reexamination Request Filing Date indicates that entry of a stay will not result in excessive delay, as a decision on the request "will be mailed within three months from the filing date[.]" (Doc. 74-2). Finally, the Court notes that this is a <u>consent</u> motion, and thus, both parties agree to entry of an order staying of this case.

Accordingly, based on a balancing of foregoing factors and the representations of Defendant (with Plaintiff's consent), it is **ORDERED** that the Defendant's Consent Motion is **GRANTED**; this action is **STAYED** pending resolution of the U.S. Patent & Trademark Office's *inter partes* reexamination of the 153 Patent. It is further **ORDERED** that the parties shall file a <u>Joint</u> Status Report within **fourteen (14) days** of the U.S. Patent & Trademark Office's determination or by **December 1, 2011,** whichever occurs first.

**DONE** and **ORDERED** this the **18th** day of **July 2011.**

/s/ Kristi K. DuBose
**KRISTI K. DuBOSE**
**UNITED STATES DISTRICT JUDGE**

---

[3] As noted in <u>Tomco</u>, 542 F. Supp. 2d at 1309: "It has a *res judicata* effect, and it allows the court to consider the expertise of the PTO before making its own conclusions. Because the *inter partes* review provides the third party the right to participate, in the reexamination process, the results of the reexamination are binding on the third party requester. 35 U.S.C. §§ 314(b)(2), 315(c). …the *inter partes* reexamination is very likely to simplify issues before this Court because the defendant cannot relitigate any of the issues determined by the PTO. *Id.* …"[T]he technical expertise provided by the reexamination proceeding will be helpful to the Court on any issues that remain."